UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY A. HENRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0392-X |
| | § | |
| FAMILY DOLLAR, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Family Dollar LLC's motion to compel arbitration.  (Doc. 10).  Plaintiff Mary A. Henry did not file a response, so the motion is unopposed.  Having carefully considered the motion and the applicable caselaw, the Court **GRANTS** the motion.  (Doc. 10).

### I. Background

Henry, a cashier for Family Dollar, brought claims against Family Dollar for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act.

Henry began working for Family Dollar in April 2021, at which time she agreed to Family Dollar's terms of employment, including a Mutual Agreement to Arbitrate Claims.  Shortly after beginning to work for Family Dollar, Henry contends that Family Dollar began discriminating and retaliating against her due

to her age.  This included alleged verbal abuse and not allowing her to take breaks.

Henry is still employed by Family Dollar.

## II. Legal Standard

The Federal Arbitration Act requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute.[1]  To determine whether the parties agreed to arbitrate the dispute, a court must consider: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement.[2]  The question of whether there is a valid arbitration agreement is determined by traditional state contract principles.[3]

## III. Analysis

Family Dollar filed a motion to compel arbitration.[4]  This motion is unopposed.

Family Dollar contends that the arbitration agreement that Henry agreed to on multiple occasions requires the parties to arbitrate this dispute.[5]  In the Fifth Circuit, "[c]ourts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute."[6]  Courts must (1) determine whether the parties

---

[1] 9 U.S.C. § 3.

[2] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

[3] *Id.*

[4] Doc. 11.

[5] *Id.* at 1–2.

[6] *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

entered into any arbitration agreement at all and (2) determine whether the claim at issue is covered by the arbitration agreement.[7]

To the first prong of the analysis, it is clear that the parties entered into an arbitration agreement.   Under Texas law, there is "no presumption in favor of arbitration when determining whether a valid arbitration agreement exists . . . the parties moving to compel arbitration must show that the agreement meets all of the requisite contract elements."[8]   And in Texas, to prove the existence of a binding contract, a plaintiff must establish that:

> (1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding.[9]

Here, Henry applied to Family Dollar, Family Dollar offered Henry a job, and Henry accepted.[10]   During the application process, Henry was directed to access, read, and agree to Family Dollar's Mutual Agreement to Arbitrate Claims.[11]   There is no dispute that she did (Family Dollar demonstrated that Henry clicked the box acknowledging that she read and agreed to the terms in the Mutual Agreement to Arbitrate Claims and electronically signed the document).[12]

---

[7] *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

[8] *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)).

[9] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 (Tex. 2018).

[10] Doc. 11 at 1–2.

[11] Doc. 12-1 at 3–4.

[12] *Id.* at 3–4, 16.

Second, Henry accepted in strict compliance with the terms of the offer. According to the arbitration agreement, the parties "agree[d] to resolve all claims or controversies arising out of or related to Associate's . . . employment[.]"  And there is no dispute that Henry agreed and signed the arbitration agreement without disagreement and worked at Family Dollar for several years in accordance with the agreement.[13]

Third, there was mutual assent to the arbitration agreement.  There is no dispute that Henry agreed to the terms of employment on multiple occasions, including by separately acknowledging, agreeing, and signing the Mutual Agreement to Arbitrate Claims.[14]  And there is no reason for the Court to believe there was not mutual assent in this case.

Fourth, it appears that each party consented to the terms of the agreement. This motion is unopposed, and because Henry signed the employment agreement, separately signed the Mutual Agreement to Arbitrate Claims, and abided by the terms of the contract for many years, the Court has no reason to believe that either party did not consent to the terms of the agreement.[15]

Finally, both parties executed and delivered the contract with the intent that it was mutual and binding.  Again, because this is an unopposed motion and Henry accepted employment with Family Dollar under the terms of the agreement and

---

[13] Doc. 11 at 1–5.

[14] Doc. 12-1 at 3–4, 16.

[15] *Id.*

signed the Mutual Agreement to Arbitrate Claims, the Court has no reason to believe this prong of the analysis fails.[16]

Now that it has been established that the parties entered into an arbitration agreement, the Court turns to whether the claims at issue are covered by the arbitration agreement. The Court finds that they are. The arbitration agreement is nearly infinitely broad, encompassing "all claims or controversies arising out of or related to Associate's . . . employment[.]"[17] Plainly stated, Henry's claims—concerning Family Dollar's alleged discrimination against her in her employment—fall under this scope because this dispute is related to her employment with Family Dollar. And Henry did not file a response suggesting otherwise.

## IV. Conclusion

Accordingly, the Court **GRANTS** the Defendant's motion to compel arbitration. (Doc. 11). As a result of granting Defendant's motion, the Court **ORDERS** the parties to arbitrate this dispute and **STAYS** this case pending arbitration. The parties shall file a motion to lift the stay within 10 days of any arbitration decision.

**IT IS SO ORDERED** this 7th day of August, 2024.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] *Id.*

[17] *Id.* at 16.